**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

_____

**NICOLE WATSON**                                  )
                                                   )
        **Plaintiff,**                             )   **Civil Action No. 1:15-cv-124-AJT/JFA**
                                                   )
**v.**                                             )
                                                   )
**GARDA WORLD SECURITY**                           )
**CORPORATION, GARDA WORLD**                       )
**INTERNATIONAL PROTECTIVE**                       )
**SERVICES, GARDA CASH LOGISTICS,**                )
**STEPHAN CRETIER,**                               )
**and OLIVER WESTMACOTT,**                         )
                                                   )
        **Defendants.**                            )
_____            )

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Garda World Security Corporation, Garda World International Protective Services, Garda Cash Logistics, Stephan Cretier and Oliver Westmacott (collectively "Garda" or "Defendants"), pursuant to Fed. R. Civ. P. 12(b), submit this Answer & Defenses to Plaintiff's Complaint and, responding to the correspondingly numbered paragraphs thereof, state:

### OVERVIEW

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit that Garda World International Protective Services provides private security services in various conflict zones around the world, including the areas referenced in Paragraph 3 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff served in the role of Vice President of Business Process and Integration during her tenure with Garda.   Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit that Defendant Westmacott spoke to Plaintiff about considering positions within Garda and its affiliated companies.   Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit that Plaintiff interviewed with Garda Cash Logistics' President and Chief Operating Officer, Chris Jamroz, on May 31, 2011.   Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit only that Plaintiff purports to brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act of 1963, as amended but deny that Plaintiff is entitled to any relief whatsoever, and specifically deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.   Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.      Defendants admit that Plaintiff invokes the jurisdiction of the Court pursuant to the statute cited in Paragraph 12 of the Complaint, but deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.   Additionally, jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, Defendants deny it.

13.     Defendants admit that Plaintiff invokes the jurisdiction of the Court pursuant to the statute cited in Paragraph 13 of the Complaint, but deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.  Additionally, jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, Defendants deny it.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit that Plaintiff invokes the jurisdiction of the Court pursuant to the statute cited in Paragraph 16 of the Complaint, but deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.  Additionally, jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, Defendants deny it.

17.     Defendants admit that the individual Defendants both remain employed by Garda. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that, while she worked for Garda, Plaintiff's base location was the Oakton, Virginia office.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18 of the Complaint and therefore deny the allegations.

19.     Defendants admit that Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC").  Defendants are without knowledge or information sufficient to form a belief about the truth of when Plaintiff filed her Charge, and therefore deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.      Defendants admit that Plaintiff filed an Amended Charge of Discrimination with the EEOC.  Defendants are without knowledge or information sufficient to form a belief about the truth of when Plaintiff filed her Amended Charge, and therefore deny the remaining allegations contained in Paragraph 20 of the Complaint.  To the extent Paragraph 20 contains allegations of wrongdoing against Defendants, Defendants expressly deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.

21.      Defendants admit that the EEOC issued Plaintiff a Right-to-Sue Notice. Defendants are without knowledge or information sufficient to form a belief about the truth of when Plaintiff received her Right-to-Sue Notice, and therefore deny these allegations. Defendants admit that the Parties entered into a Tolling Agreement that tolled the statutes of limitations for Plaintiff's claims from August 18, 2014, until the Agreement's termination. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

## PARTIES

22.      Defendants admit that Plaintiff was hired by GardaWorld International Protective Services' ("GardaWorld") predecessor in December 2003 and that Plaintiff worked for it and then GardaWorld in Oakton, Virginia.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence and therefore deny the allegations.  Defendants admit that Plaintiff filed this Complaint on or about February 4, 2015, but deny any remaining allegations contained in Paragraph 22 of the Complaint.

23.      Defendants admit the first sentence of Paragraph 23 of the Complaint. Defendants admit that during her employment GardaWorld's U.S.-based operations were located in Oakton, Virginia and the Company's current headquarters is in Dubai, United Arab Emirates.

Defendants admit that GardaWorld maintains a management office in Arlington, Virginia and employs individuals – included Plaintiff during her tenure with the Company – in Virginia. Defendant denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the first sentence of Paragraph 25 of the Complaint. Defendants admit that Garda World Security Corporation is headquartered in Montreal, Canada and further admit that USA Government Services, a division of GardaWorld, is located in Arlington, Virginia.  Defendants deny all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the first sentence of Paragraph 26 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit the first sentence of Paragraph 27 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

## FACTS

28.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny the allegations.

29.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny the allegations.

30.     Defendants admit that Plaintiff was hired by GardaWorld's predecessor in December 2003 in Oakton, Virginia.  Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit that in 2010 until she resigned Plaintiff served as the Vice President of Business Process and Integration.   Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit the first two sentences of Paragraph 40 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants admit that Plaintiff had direct reports during a period of time during her employment with the Company but deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants admit that in 2010 GardaWorld decided to relocate its headquarters and Company leadership to Dubai, United Arab Emirates. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants admit that in 2010 Defendant Westmacott was promoted from Managing Director to President and Chief Operating Officer and that Pete Dordal was promoted from Managing Director to Senior Vice President.  Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendants admit that Plaintiff expressed an interest in transferring to Dubai. Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit Plaintiff's position was laterally changed to Vice President of Business Process and Integration during a Company realignment.   Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants admit the first sentence of Paragraph 60 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants admit Plaintiff expressed an interest in relocating to Dubai but deny the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 and therefore deny the allegations.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit that Mr. Grimshaw is currently employment at GardaWorld in the position of VP of Commercial Services but deny all remaining allegations contained in Paragraph 71 of the Complaint.

72.     Defendants admit that, in 2011, Defendant Westmacott suggested that Plaintiff should consider a role at Garda Cash Logistics and that Garda Cash Logistics provides armored cars in the U.S. for the movement of currency.   Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants admit that Mr. Westmacott spoke to Plaintiff regarding her career opportunities within Garda World Security and its affiliated companies but deny the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit that a meeting between Plaintiff and hiring manager and President and COO of Garda Cash was arranged to discuss an open opportunity for Plaintiff. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 76 of the Complaint and therefore deny the allegations.

77.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of the Complaint and therefore deny the allegations.

78.     Defendants admit that Mr. Jamroz scheduled the interview to take place in Columbus, Ohio because he would be there for a business meeting and that he would schedule dinner.  Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 79 of the Complaint and therefore deny the allegations.

80.     Defendants admit Ms. Watson met Mr. Jamroz in Columbus, Ohio in the lobby of the hotel he, his team and Plaintiff were staying and that he arranged for transportation to a nearby restaurant.  Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Defendants admit the first two sentences of Paragraph 81 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendants admit that Mr. Jamroz discussed business aspects of the Garda Cash organization at dinner.  Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants admit that after leaving the restaurant Plaintiff and Mr. Jamroz meet two members of his team, including Mr. Modarelli, in the hotel lobby. Defendants deny the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Complaint and therefore deny the allegations.

100.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of the Complaint and therefore deny the allegations.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny that Plaintiff was subjected to sexual harassment by Mr. Jamroz. Defendants admit that Plaintiff and Mr. Modarelli's hotel rooms were next to each other and that they saw each other in the hallway.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 102 of the Complaint and therefore deny the allegations.

103.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 103 of the Complaint and therefore deny the allegations.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny that any wrongdoing occurred or that there was any incident or behavior Mr. Modarelli had an obligation to report.  Defendants deny all remaining allegations contained in Paragraph 106 of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Complaint and therefore deny the allegations.

108.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 108 of the Complaint and therefore deny the allegations.

109.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109 of the Complaint and therefore deny the allegations.

110.   Defendants admit that Plaintiff met with Mr. Westmacott in person to express concerns regarding Mr. Jamroz. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 110 of the Complaint and therefore deny the allegations.

111.   Defendants admit that in the weeks following her interview, Plaintiff and Mr. Jamroz exchanged e-mails regarding the opportunity at Garda Cash Logistics.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 111 of the Complaint and therefore deny the allegations.

112.   Defendants admit that Plaintiff had a discussion with Mr. Westmacott regarding Mr. Jamroz's alleged conduct.  Defendants deny all remaining allegations contained in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations contained in Paragraph 113.

114.   Defendants deny the allegations contained in Paragraph 114.

115.   Defendants deny the allegations contained in Paragraph 115.

116.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 116 of the Complaint and therefore deny the allegations.

117.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 117 of the Complaint and

therefore deny the allegations. Defendants deny the remaining allegations contained in Paragraph 117.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in the first sentence of Paragraph 127 of the Complaint.   Defendants admit the allegations contained in the second sentence of Paragraph 127 of the Complaint but deny that they violated any statute, common law, or engaged in any wrongdoing of any kind.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants admit that Plaintiff voluntarily resigned her employment in February 2012.  Defendants deny the remaining allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

## COUNT I

**VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et seq.***
**QUID PRO QUO SEXUAL HARASSMENT**
**(Against Garda World Security Corporation, Garda World, and Garda Cash)**

143.    Defendants incorporate by reference their responses to Paragraphs 1 through 142 of the Complaint, as if fully restated herein.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

## COUNT II

### VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et seq.*
### RETALIATION
### (Against Garda World Security Corporation, Garda World, and Garda Cash)

153.    Defendants incorporate by reference their responses to Paragraphs 1 through 152 of the Complaint, as if fully restated herein.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 155 of the Complaint and therefore deny the allegations.

156.    Defendants admit the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

## COUNT III

### VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et seq.*
### GENDER DISCRIMINATION
### (Against Garda World Security Corporation and Garda World)

163.    Defendants incorporate by reference their responses to Paragraphs 1 through 162 of the Complaint, as if fully restated herein.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

## COUNT IV

**VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et seq.***
**CONSTRUCTIVE DISCHARGE**
**(Against Garda World Security Corporation and Garda World)**

168.    Defendants incorporate by reference their responses to Paragraphs 1 through 167
of the Complaint, as if fully restated herein.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

## COUNT V

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY**
**THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206(d)**

**(Against Garda World Security Corporation, Garda World, Stephan Cretier,**
**and Oliver Westmacott)**

173.    Defendants incorporate by reference their responses to Paragraphs 1 through 172
of the Complaint, as if fully restated herein.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff suffered any damages, and denies that Plaintiff is entitled to recover any of the alleged damages she seeks in sections A to G of the "Wherefore" Paragraph of the Complaint or any relief whatsoever.

Defendants deny each and every allegation set forth in the Complaint not specifically admitted herein.

## JURY TRIAL DEMAND

Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to one.

## DEFENSES

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Upon information and belief, Plaintiff has failed to satisfy the conditions precedent to an action under Title VII.

### Third Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

**Fourth Defense**

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate her damages.

**Fifth Defense**

All employment actions taken by Defendants were taken for legitimate, non-discriminatory and non-retaliatory reasons.

**Sixth Defense**

To the extent the Court or a jury should conclude that any of the employment decisions challenged by Plaintiff were motivated by discrimination or retaliation (which Defendants deny), the same decisions, and each of them, would have been made absent any alleged discrimination or retaliation.

**Seventh Defense**

In the event that Plaintiff is entitled to any recovery, Defendants are entitled to a setoff in the amount that Plaintiff actually received, or in the exercise of reasonable diligence could have received, from other sources of recovery.

**Eighth Defense**

Plaintiff is not entitled to recover any punitive damages because neither Defendants, nor any of their officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendants did not authorize or ratify any such act.

**Ninth Defense**

Plaintiff's claims for damages are limited, in whole or in part, by 42 U.S.C. § 1981a and/or 42 U.S.C. § 2000e-5.

### Tenth Defense

To the extent that Plaintiff engaged in misconduct, fraud, or other conduct prior to, during, or in connection with her employment that otherwise would have resulted in her separation if such conduct were then known to Defendants, any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

### Eleventh Defense

Plaintiff's claims and/or any claims for damages are barred because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendants' preventative or corrective opportunities to otherwise avoid harm.

### Twelfth Defense

Defendants have made good-faith efforts to prevent discrimination in the workplace, and thus cannot be liable for the actions of their agents, or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination statutes.

### Thirteenth Defense

The misconduct attributed to Chris Jamroz in the Complaint did not occur as alleged.

### Fourteenth Defense

In the alternative, if any of the conduct attributed to Chris Jamroz in the Complaint did occur, the conduct in question was welcome to Plaintiff.

### Fifteenth Defense

If Chris Jamroz did engage in the conduct alleged in Plaintiff's Complaint, which Defendants deny, Defendants did not know and should not have known that he would do so.

## Sixteenth Defense

If Chris Jamroz did engage in the conduct alleged in Plaintiff's Complaint, which Defendants deny, Defendants did not authorize or ratify such conduct.

## Seventeenth Defense

Plaintiff was not paid less than an employee of the opposite sex for work performed in a position requiring equal skill, effort, and responsibility under similar working conditions.

## Eighteenth Defense

Any differential in pay received by Plaintiff was based on a factor other than sex.

## Nineteenth Defense

Plaintiff's claims are barred in whole or in part by the provisions of the Equal Pay Act, because at all times Defendants acted with reasonable grounds to believe that their actions complied with all applicable laws and statutes, including the Equal Pay Act, and Defendants assert a lack of willfulness or intent to violate the Equal Pay Act as a defense to any claim by Plaintiff of a willful violation of the EPA.

## Twentieth Defense

Plaintiff has been paid and/or received all wages and all other compensation due to her by virtue of her employment.

## Twenty-First Defense

Plaintiff cannot establish a violation of the Equal Pay Act, and is not entitled to liquidated or punitive damages, because Defendants acted in good faith and had reasonable grounds for believing that their actions did not violate the Equal Pay Act.

**Twenty-First Defense**

Plaintiff's Equal Pay Act claim fails because Plaintiff cannot establish that she received lower wages or compensation than other similarly situated males for substantially equal work.

**Twenty-Second Defense**

Defendants Stephan Cretier and/or Oliver Westmacott are not an employer within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(d), and did not employ Plaintiff.

**Twenty-Third Defense**

Because Defendants Cretier and/or Westmacott did not employ Plaintiff, they are not a proper parties to this action.

**Twenty-Fourth Defense**

Because discovery has not been completed at this stage of the case, Defendants reserve the right to assert additional defenses, as appropriate.

WHEREFORE, Defendants pray that the Court enter judgment against Plaintiff as follows:

1.      For an order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of Defendants and against Plaintiff;

2.      For all costs, disbursements, and reasonable attorneys' fees incurred by Defendants in connection with the defense of this matter; and

3.      For all other relief as the Court in the exercise of its discretion deems just and proper.

DATED this 6th day of April 2015                Respectfully submitted,


*/s/ Megan N. Tumi*
Megan Tumi (Va. Bar No. 77416)
S. Libby Henninger
(admission *pro hac* to be submitted)
LITTLER MENDELSON, P.C.
1150 17th Street, NW
Suite 900
Washington, DC 20036
202.842.3400
202.842.0011 (Fax)
mtumi@littler.com
lhenninger@littler.com

Scott Forman
(admission *pro hac* to be submitted)
E-Mail:  sforman@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500
305.675.8497 (Fax)

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 6, 2015, I electronically filed the foregoing Answer and Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> R. Scott Oswald, Esq.
> Nicholas Woodfield, Esq.
> The Employment Law Group, P.C.
> 888 17th Street, NW, 9th Floor
> Washington, D.C. 20006
>
> Katherine Kimpel, Esq.
> Sandford Heisler Kimpel, LLP
> 1666 Connecticut Avenue, N.W., Suite 300
> Washington, D.C. 20009
>
> *Counsel for Plaintiff*

> _/s/ Megan N. Tumi_
> Megan N. Tumi