# EXHIBIT A



**Sanford Heisler Kimpel, LLP**
1666 Connecticut Avenue, NW Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Katherine Kimpel*
(202) 499-5202
kkimpel@sanfordheisler.com

Washington D.C. | New York | San Francisco

June 12, 2015

**VIA ELECTRONIC MAIL**
Scott Forman
**LITTLER MENDELSON PC**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
sforman@littler.com

    Re:    *Watson v. Garda*, 1:15-cv-00124-AJT/JFA

Counsel:

I write regarding your request for an extension of time to respond to Plaintiff's discovery requests and to address Defendants' calculation of the deadlines in this case.

It seems that Defendants are incorrectly calculating discovery deadlines pursuant to the agreement of the Parties and the Court's scheduling order in this case. Specifically, as laid out in the Joint Discovery Plan[1] and the Scheduling Order, the Parties have agreed to accept service electronically and to consider service complete "the day of receipt of all service attempts," rather than three days after electronic service as otherwise provided for in the federal rules. *See* Dkt. 14, Dkt. 15. However, it appears that Defendants continue to add an additional three days for electronic service, or otherwise calculate the deadlines in this case.

Plaintiff Watson electronically served her discovery requests on May 8, 2015. Defendants' objections were due 15 days later, or Tuesday, May 26.[2] However, Defendants did not serve their objections until May 29th, 21 days after Ms. Watson served her discovery requests.

Defendants' responses were due Monday, June 8. Your June 10, 2015 communication requesting an extension of time to respond inaccurately represents this as June 12, 35 days after Ms. Watson served her discovery requests. Further, Defendants request an additional two weeks, so that their responses would be due on June 26, 7 weeks after Ms. Watson served her requests.

---

[1] Paragraph J of the Joint Discovery Plan provides: "Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service will be accepted by electronic means ("e-mail") with a receipt confirmation request, and that service is complete the day of receipt for all service attempts after the date of this Joint Discovery Plan. The parties agree to work together to the extent that challenges arise with electronic service of discovery materials." Dkt. 14.

[2] 15 days after May 8 was Saturday, May 23; the next non-holiday, business day was Tuesday, May 26.

While we would like to work cooperatively with you, the extension that you seek would not give us adequate time to prepare for the depositions in this case. According to your proposed timeline, Plaintiff would receive Defendants' discovery responses less than two weeks before Ms. Watson is to be deposed. Moreover, this period includes the Fourth of July holiday when several people on this case will be travelling.

In the interest of working together cooperatively, we will agree to some extension of Defendants' deadline to respond to Plaintiff's discovery requests. Plaintiff reserves all rights related to Defendants' untimely service of objections. We are willing to waive any challenge to Defendants' untimely discovery responses and agree to an extension of the deadline as long as Defendants agree to serve their responses according to the following schedule:

  i. All discovery responses related to Ms. Watson, such as e-mail communications or personnel files, be delivered to Plaintiff's counsel no later than 2 PM on Wednesday, June 17.
  ii. All discovery responses related to Mr. Westmacott be delivered to Plaintiff's counsel no later than 2 PM on June 19.
  iii. Any remaining discovery responses be served by June 26. To the extent the parties agree to any depositions during the week of July 13, the Parties will agree to an earlier date for the production of discovery responses related to that deponent in order to provide Plaintiff adequate time to prepare.

Your production by 2 PM on the above dates will permit our vendor to upload the documents so that we may review your responses the following morning, which will be imperative given the truncated time that Plaintiff will have to review Defendants' discovery documents. To the extent that any discovery responses become available prior to the schedule above, we expect that you will produce them on a rolling basis rather than waiting to produce the documents at one time.

In addition to these matters, I would like to address the other issues raised in your June 10th e-mail. We agree to depose Mr. Westmacott on July 10, as long as Defendants serve their discovery responses according to the deadlines set forth above. We ask that you notify us of available dates for the additional six witnesses listed in our May 7, 2015 email as soon as possible. We will also agree to an extension of Defendants' expert disclosure deadline to July 15, 2015.

Thank you in advance for your attention to this matter.

Regards,

Kathrine Kimpel

CC:   All Counsel of Record