UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NICOLE WATSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:15-cv-124-AJT/JFA |
| ) | |
| v. ) | |
| ) | |
| GARDA WORLD SECURITY ) | |
| CORPORATION, GARDAWORLD ) | |
| INTERNATIONAL PROTECTIVE ) | |
| SERVICES, GARDA CASH LOGISTICS, ) | |
| STEPHAN CRETIER, and OLIVER ) | |
| WESTMACOTT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL NONPARTY, RICHARD H.
MIKESELL, PH.D., TO COMPLY WITH SUBPOENA**

Defendants, Garda World Security Corporation, GardaWorld International Protective Services, Garda Cash Logistics, Stefan Cretier, and Oliver Westmacott (collectively "Defendants"), pursuant to Rules 7(F) and 37(B) of the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, submit this memorandum of law in support of their motion to compel non-party Richard H. Mikesell, Ph.D. to comply with the subpoena to produce documents.

**I.    INTRODUCTION AND BACKGROUND**

On February 4, 2015, Plaintiff filed this action against her former employer, Defendant GardaWorld International Protective Services, two of its officers, and two affiliated entities. Plaintiff alleges that Defendants discriminated against her on the basis of her gender by denying

1

her promotions, paying her less than similarly situated male employees, and subjecting her to a hostile work environment. (Compl. ¶ 1.) She also alleges that Defendants retaliated against her for complaining about the alleged discrimination, and that she was compelled to resign as a result of the alleged discrimination and retaliation.[1] (*Id.*)  As a result of Defendants' alleged actions, Plaintiff purports to have suffered damages, including emotional distress, damage to her reputation, anxiety, pain, humiliation, embarrassment, emotional and physical distress, mental anguish and loss of enjoyment of life. (Compl. ¶¶ 152, 162, 167, 172, 181.)

On June 19, 2015, Plaintiff served her Rule 26(a)(2) Expert Disclosures, identifying Richard H. Mikesell, Ph.D. as an expert witness in this matter. After providing the name, address and telephone number for Dr. Mikesell, Plaintiff's "expert disclosure" simply stated as follows:

> Richard Mikesell, Ph.D., is a clinical psychologist based in Washington, D.C. Dr. Mikesell treated Ms. Watson in 2011. Dr. Mikesell will testify consistent with her medical records. Consistent with the medical records, Dr. Mikesell will attribute Ms. Watson's symptoms to her treatment at Garda.

(Exhibit 1, Pl.'s R. 26(a)(2) Expert Disclosures). Despite Plaintiff's disclosure that Dr. Mikesell will provide testimony "consistent with her medical records" which attribute Plaintiff's symptoms to her "treatment at Garda", no such records have been produced by either Plaintiff or Dr. Mikesell.

Based upon Plaintiff's initial disclosures, discovery responses and claimed damages, on June 1, 2015 Defendants served Dr. Mikesell a subpoena *duces tecum* for Plaintiff's treatment

---

[1] Defendants deny Plaintiff's allegations of discrimination and retaliation and assert that Plaintiff voluntarily resigned her employment to work for another employer – an opportunity she characterized as the "opportunity of a lifetime."

records.[2] (Exhibit 2, Subpoena for Documents to Dr. Mikesell). The subpoena requested that Dr. Mikesell provide any and all documents related to his examination and treatment of Plaintiff, on or before June 15, 2015. The subpoena was accompanied by an executed release by Plaintiff authorizing Dr. Mikesell to provide her treatment records to Defendants' counsel. (*Id.*) Neither Plaintiff nor Dr. Mikesell asserted any written objection to the subpoena.

To date, Dr. Mikesell has failed to comply with the subpoena.[3] During communications to attempt to secure a response, Dr. Mikesell advised Defendants' counsel of an agreement he had with Plaintiff related to her treatment which precluded her records from being subpoenaed or from requiring his testimony her treatment. On July 14, 2015, Defendants' counsel sent a letter to Dr. Mikesell advising him that his alleged agreement with Plaintiff does not obviate his need to respond to the subpoena and requesting his immediate compliance.[4] (Exhibit 3, July 14, 2015 correspondence to Dr. Richard Mikesell). Defendants have received no response from Dr. Mikesell.

Counsel for Defendants also attempted to obtain Dr. Mikesell's cooperation through Plaintiff's counsel. (Exhibit 4, July 13, 2015 correspondence from Jessica T. Travers, Esq., Littler Mendelson, P.C., to Katherine Kimpel, Esq., Sanford Heisler Kimpel, LLP). Plaintiff's counsel, however, responded they "do not represent Dr. Mikesell, nor is he our expert," and that Plaintiff had signed the release for Dr. Mikesell's treatment records "and has done nothing to inhibit [Defendants'] ability to obtain this discovery." (Exhibit 5, July 13, 2015 correspondence from Katherine Kimpel, Esq., Sanford Heisler Kimpel, LLP, to Jessica Travers, Esq., Littler

---

[3] Upon information and belief, Dr. Mikesell has also been unresponsive to Plaintiff's and Plaintiff's counsel's attempts to obtain compliance.

[4] Defendants also served Dr. Mikesell with a subpoena for the taking of his deposition on August 12, 2015.

Mendelson, P.C.).

Moreover, the inability to review Plaintiff's treatment records impaired the ability for Defendants' expert – disclosed in rebuttal to Dr. Mikesell's designation as an expert – from rendering his opinion. (*Id.*) Despite Plaintiff's disclosure that Dr. Mikesell will provide testimony "consistent with her medical records" which attribute Plaintiff's symptoms to her "treatment at Garda", no such records have been produced by either Plaintiff or Dr. Mikesell.

## ARGUMENT

### I. Dr. Mikesell Has Failed to Comply with the Subpoena *Duces Tecum*, and He and Plaintiff Have Waived Any Objections.

Federal Rule of Civil Procedure 45 governs subpoenas *duces tecum* for the production of documents from nonparties without taking a deposition. Rule 45 expressly states who may object to a subpoena and when the objection must be served:

> A person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

FED. R. CIV. P. 45(d)(2)(B).

Thus, pursuant to Rule 45, "[o]nly the [nonparty] can prevent disclosure by objection. The party to whom the subpoenaed records pertain *cannot* simply object. Rather, a protective order or motion to quash the subpoena is required." *McCoy v. Sw. Airlines, Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) (citation omitted). If the nonparty fails to timely make objections to a Rule 45 document subpoena, a court generally should find that all objections have been waived. *Id.* at 385.

As discussed, Dr. Mikesell was served with the subpoena *duces tecum* for Plaintiff's treatment records on June 1, 2015 which set the response date for June 15, 2015. Thus, pursuant to Rule 45, Dr. Mikesell was required to make any objections to the subpoena by June 15, 2015. Having failed to do so, he has waived any objections he may have had.[5]  Accordingly, the Court should compel Dr. Mikesell to comply with the subpoena forthwith. *See* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

## CONCLUSION

As demonstrated above, Dr. Mikesell has failed to comply with the document subpoena served on him, and he has waived any objections to the subpoena that he otherwise may have had. Accordingly, Defendants respectfully request entry of an order requiring Dr. Mikesell to comply with the subpoena by producing all responsive documents forthwith, and granting any other relief deemed just and proper.

Respectfully submitted,

s/ *Joon Hwang*
Joon Hwang (Va. Bar No. 82248)
**LITTLER MENDELSON, P.C.**
1650 Tysons Blvd., Suite 700
McLean, VA  22102
Telephone: (703) 442-8425
Facsimile:  (703) 442-8428
JHwang@littler.com

S. Libby Henninger (Admitted *pro hac vice*)
**LITTLER MENDELSON, P.C**.

---

[5] Pursuant to Rule 45(d)(3)(A), a motion to quash or modify a subpoena must be "timely." Because the rule does not provide any specific time period for bringing a motion to quash or modify, courts have required that the motion be filed before the date specified by the subpoena for compliance. *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002).

1150 17th Street, NW, Suite 900
Washington, DC 20036
Telephone: (202) 842-3400
Facsimile:  (202) 842-0011
LHenninger@littler.com

Scott A. Forman (Admitted *pro hac vice*)
Jessica T. Travers (Admitted *pro hac vice*)
**LITTLER MENDELSON, P.C**.
Wells Fargo Center, Suite 2700
333 S.E. 2nd Avenue
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552
SForman@littler.com
JTravers@littler.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 24th day of July, 2015, I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Motion to Compel Nonparty, Richard H. Mikesell, Ph.D., to Comply with Subpoena*** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>R. Scott Oswald, Esq.
>Nicholas Woodfield, Esq.
>The Employment Law Group, P.C.
>888 17th Street, NW, 9th Floor
>Washington, D.C. 20006
>
>Katherine Kimpel, Esq.
>Sanford Heisler Kimpel, LLP
>1666 Connecticut Avenue, N.W., Suite 300
>Washington, D.C. 20009

I further certify that a paper copy of the foregoing was served by mail on the same date on the following:

>Richard H. Mikesell, Ph.D.
>4801 Wisconsin Ave., N.W.
>Suite 503
>Washington, DC 20016

>*s/ Joon Hwang*
>Joon Hwang, Bar No. 82248
>jhwang@littler.com
>LITTLER MENDELSON, P.C.
>1650 Tysons Blvd., Suite 700
>McLean, VA 22102
>Telephone: (703) 442-8425
>Facsimile: (703) 442-8428

Firmwide:134856162.1 067762.1090